[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner Francisco Montanez brings this writ of habeas corpus alleging ineffective assistance of his counsel Jonathan Demirjian. On or about June 30, 1993 the petitioner was arrested and charged with Assault in the Second Degree (Connecticut General Statutes § 53a-60(a)(2)) and Burglary in the First Degree (§ 53a 101(a)(2)). On or about November 22, 1993 the petitioner plead guilty to both of these charges. The guilty pleas took place after a jury was selected and evidence had commenced. The petitioner claims his counsel was ineffective because he did not apprise him of the evidence the state had against him.
The underlying crimes were committed on June 30, 1993 when the victim of the crime was awaken by his wife to be told something was in the kitchen. The victim got out of bed and went to the kitchen and found no one. However, as the victim was going back toward his bedroom he saw someone outside of the window and they said something about "Joe". The victim's stepson is named "Joe". The victim thought it was his stepson outside, so he went to open the house door. As he took the lock off of the door the petitioner pushed the door and the victim fell backwards into the sink. There was a knife there and the victim grabbed it. The petitioner came at him with a crowbar and hit him with it twice. The victim then stabbed the petitioner and yelled for his son to call the police. The police arrived and had the petitioner sent to the hospital.
The petitioner said he did not remember the above incident because he was high on drugs. He testified he had been using heroin and crack for years and at this time in June 1993 he was living in the streets and using 10 vials of crack a day. He stated he remembered smoking crack and shooting heroin in front of a big church and then he woke up in a hospital with a stab wound in his chest.
At one point the State's Attorney offered the petitioner a sentence of five years to serve in return for a guilty plea. The petitioner refused the offer and it was withdrawn. Subsequently another offer of eight years in return for a guilty plea was made to the petitioner. This too was refused by him. The petitioner testified he refused the plea offers because he did not remember committing the crimes with which he was charged. The plaintiff thought he probably went to the victim's house to get high and while there got into an argument with someone and then was CT Page 14523 stabbed. The petitioner testified that his attorney explained some things to him but he does not think he understood them. He did testify that his attorney did state to him what the victim would testify to during his trial. However the petitioner continued to believe that the victim would testify to something other than burglary. Then the petitioner stated he had no opportunity before trial to understand what the victim would say when he testified at trial. The petitioner stated the only thing he knew about the victim's statement was what his attorney told him.
Attorney Demirjian testified that he represented the petitioner when he plead guilty as aforesaid. He testified he absolutely told the petitioner what evidence the state had. He said he got the police report after the petitioner's arraignment and that he read it to the petitioner. Attorney DeMirjian stated the petitioner would not accept the five year sentence offer, because it was a lot of time to serve and he had no recollection of the crimes. Attorney DeMirjian also stated he had no recollection of an eight year sentence being offered to the petitioner.
Attorney DeMirjian testified that the petitioner told him that he had word that the victim was back in Puerto Rico and would not testify at his trial. Prior to trial Attorney DeMirjian and his investigator went to the victim's apartment where they met the victim's son who now lived in a different apartment. He also met the victim whom the State's Attorney's office had flown to Connecticut from Puerto Rico for the trial. Attorney DeMirjian testified he told the petitioner that the victim was in Connecticut and he further told him what he would testify to concerning the crimes. He said the petitioner told him he would not believe it until he hears it. After the victim and another witness testified the court adjourned for the day. The next day the petitioner told Attorney DeMirjian he wanted to plead guilty. The petitioner testified that during his trial he came to understand he was not going to win and that is why he changed his plea to guilty on each charge.
The Connecticut Supreme Court has adopted the two prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984) to determine if counsel's assistance was ineffective. Johnson v.Commissioner of Correction, 36 Conn. App. 695, 701 (1995). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must CT Page 14524 demonstrate both (1) deficient performance and (2) actual prejudice Id. To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that he was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment. . . . The petitioner must show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. 702. To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable. . . . The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would he been different Id. 702.
In Hill v. Lockhart, supra, 474 U.S. 57-58, the court determined that the same two-part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement inStrickland were relevant in the context of guilty pleas. Although the first half of the Strickland test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard. As in Strickland, the prejudice standard for plea negotiations is intended to determine whether, but for counsel's constitutionally deficient performance, the outcome of the plea process would have been different. The court went on to require that "in order to satisfy the `prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id., 59. Copas v. Commissioner of Correction,234 Conn. 139, 156.
The Hill court also stated that the petitioner must show that such a decision to plead not guilty would have been based on the likelihood that the introduction of the evidence or the defense CT Page 14525 that was not identified because of ineffective assistance of counsel would have been successful at trial. Id.
To satisfy the Hill standard, a defendant must prove that, but for defense counsel's deficient performance there is a reasonable probability that he would have pleaded not guilty and proceeded to trial on the basis of the likelihood that his defenses would succeed in providing a more favorable outcome. Id.157 — Footnote 10.
After hearing the evidence the court finds that the testimony of Attorney DeMirjian was very credible. He did all anyone could expect an attorney to do in this case. He kept his client, the petitioner, well advised at all stages of the proceedings. He did an investigation into the facts and he was available to the petitioner. In this matter the court is of the opinion that the petitioner did not believe that the victim would be available to testify. The petitioner was obviously incorrect on this point.
After hearing the evidence the court finds that the petitioner did not sustain his burden of proof on either prong of the test set forth in Strickland v. Washington, supra as to any of the allegations in his Amended Petition dated April 7, 1995.
For the above reasons the petitioner's habeas corpus petition is denied.
William J. Sullivan, Judge